No. 84-551

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

THE DEPARTMENT OF REVENUE OF THE
STATE OF MONTANA,

                    Petitioner and Appellant,

    -vs-

AMOS JARRETT,

                    Respondent and Respondent.

---

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Larry G. Schuster, Dept. of Revenue, Helena, Montana

        For Respondent:

            Amos Jarrett, pro se, Billings, Montana

---

                            Submitted on Briefs:    March 14, 1985

                                        Decided:    May 23, 1985

Filed:    MAY 23 1985

                    *Ethel M. Harrison*
        _____
                        Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Amos Jarrett, respondent, was denied a request for a tax refund by the Yellowstone County Commissioners. He appealed to the Yellowstone County Tax Appeal Board which found in his favor. The Department of Revenue appealed to the State Tax Appeal Board which determined that respondent was due a tax refund. The Department filed for judicial review and both parties moved for summary judgment. The District Court entered summary judgment in favor of the respondent. The Department appeals.

The respondent owns a lot in Yellowstone County. For the years 1978 through 1981 respondent received tax assessment notices stating that the annual assessment on the lot was $14,510. He paid the taxes each year without protest. In 1982, the Department of Revenue discovered the lot was not in a special improvement district as had been originally believed and it did not have access to sewer facilities. The Department of Revenue reappraised the lot and reduced the assessment from $14,510 to $7,418.

In June of 1982, respondent contacted the Yellowstone County Commissioners, the Yellowstone County Assessor and the Yellowstone County Treasurer requesting a tax refund for the years 1978 through 1981. At the request of the Yellowstone County Commissioners, the Yellowstone County Assessor and the appraisers of the Department of Revenue investigated the matter and submitted a memorandum to the Commissioners. They expressed an opinion that the property had not been erroneously appraised in 1978, but that the value of the property had decreased between 1978 and 1982 because of a change in development pattern. The Yellowstone County Treasurer believed respondent was due a refund but the

2

commissioners denied a refund, which, if granted, would have amounted to $512.35.

In 1983, respondent appealed to the Yellowstone County Tax Appeal Board. The Board found for respondent. The Department of Revenue then appealed to the State Tax Appeal Board. The State Board concluded that an erroneous assessment had been made in 1978 and was carried on the tax rolls from 1979 through 1981 and, therefore, under § 15-8-601, MCA a correction could be made. The Board affirmed the Yellowstone County Tax Appeal Board's decision and ordered a tax refund for respondent.

The Department of Revenue filed for judicial review of the State Tax Appeal Board decision in the Yellowstone County District Court. Both parties moved for summary judgment. On October 15, 1984, the District Court entered summary judgment in favor of the respondent. From that adverse decision, the Department of Revenue appeals to this Court.

Appellant presents the following issue on appeal:

Does the State Tax Appeal Board have any authority to change the value of property for past tax years, pursuant to § 15-8-601, MCA, when a taxpayer has not filed any administrative appeals as to those tax years?

The dispositive issue before this Court is whether the taxpayer is entitled to a refund of taxes paid due to an erroneous assessment made on his land. Section 15-1-402, MCA, sets out the procedure by which a taxpayer may protest the payment of a tax he believes to be incorrect. It states in pertinent part:

> "15-1-402. Payment of taxes under protest - action to recover.
>
> "(1) The person upon whom a tax or license fee is being imposed may proceed under 15-1-406 or may, before the tax or license fee becomes delinquent,

3

pay under written protest that portion of the tax
or license fee protested. The payment must:

(a) be made to the officer designated and
authorized to collect it; and
(b) specify the grounds of protest.

"(2) After having exhausted the administrative
appeals available under Title 15, chapters 2 and
15, a person or his legal representative may bring
an action in any court of competent jurisdiction
against the officers to whom said tax or license
fee was paid or against the county or municipality
in whose behalf the same was collected and the
department of revenue." (emphasis added)

This statute is permissive not mandatory. A taxpayer

can only use this protest procedure if he is aware that his

taxes may be incorrect at the time he pays them. A taxpayer

who does not know he is being overtaxed will not pay his

taxes under protest and can not receive a refund under §

15-1-402, MCA.

For the victim of an erroneous assessment, as in the

case at hand, there must be another way to obtain a tax

refund. The State Tax Appeal Board allowed respondent to

obtain a tax refund under § 15-8-601, MCA. Section 15-8-601,

MCA states as follows:

"15-8-601. Assessment revision - conference for
review. (1) Whenever the department of revenue
discovers that any taxable property of any person
has in any year escaped assessment, been
erroneously assessed, or been omitted from
taxation, the department may assess the same
provided the property is under the ownership or
control of the same person who owned or controlled
it at the time it escaped assessment, was
erroneously assessed, or was omitted from taxation.
All such revised assessments must be made within 10
years after the end of the calendar year in which
the original assessment was or should have been
made."

In the recent case of Eagle Communications, Inc. v.

Flathead County, (Mont. 1984), 685 P.2d 912, 41 St.Rep. 1303,

this Court held that § 15-8-601, MCA creates no power in the

Department of Revenue to refund taxes unlawfully collected.

In Eagle, the plaintiff, Eagle Communications Inc., paid

4

their taxes under protest pursuant to § 15-1-402, MCA, and within 90 days filed a lawsuit alleging an erroneous assessment of their property. While its lawsuit was pending Eagle paid taxes under protest, however, it did not file an action for each payment. The Department of Revenue determined that an erroneous assessment had been made, but the County Treasurer refused to refund taxes that had already been disbursed because no action had been commenced on them.

In an action to recover these taxes, Eagle maintained that the Department of Revenue had a duty under § 15-8-601, MCA, to provide a refund of taxes paid on an erroneous assessment. This Court denied the refund and stated as follows:

> "Here, the Department has agreed to a reassessment. It is the refund itself that is at issue. However, section 15-8-601, MCA creates no authority for the Department to refund erroneously collected taxes. It appears the refund function was granted to the Treasurer, as set forth in section 15-1-402, MCA because the Treasurer collects and controls disbursements of tax funds. Section 15-8-601, MCA in speaking only of assessment by the Department, is consistent with this division of duties between the Treasurer and Department.

> "We hold that the Department of Revenue has no duty under section 15-8-601, MCA to provide a refund of taxes paid on an erroneous assessment."

Clearly, § 15-8-601, MCA makes no provision for a tax refund. Unlike Eagle, the recourse of § 15-1-402, MCA is not available to this respondent. Respondent was not aware an erroneous assessment had been made on his land and could not have known to file his taxes under protest.

Section 15-16-601, MCA provides the necessary relief for respondent. It states in pertinent part:

> "15-16-601. Taxes or penalties illegally collected to be refunded. (1)(a) Any taxes, per centum, and costs paid more than once or erroneously or illegally collected or any amount of tax paid for which a taxpayer is entitled to a refund under 15-16-612 or any part or portion of taxes paid which were mistakenly computed on government bonus

5

or subsidy received by the taxpayer may, by order of the board of county commissioners, be refunded by the county treasurer. Whenever any payment shall have been made to the state treasurer as provided in 15-1-504 and it shall afterwards appear to the satisfaction of the board of county commissioners that a portion of the money so paid should be refunded as herein provided, said board of county commissioners may refund such portion of said taxes, penalties, and costs so paid to the state treasurer, and upon the rendering of the report required by 15-1-505 the county clerk and recorder shall certify to the state auditor, in such form as the state auditor may prescribe, all amounts so refunded, and in the next settlement of the county treasurer with the state, the state auditor shall give the county treasurer credit for the state's portion of the amounts so refunded." (emphasis added)

The following section, § 15-16-602, MCA states:

"15-16-602. Concurrent remedies. Section 15-16-601 shall not be deemed or construed to be in conflict with the provisions of part 4 of chapter 1, but 15-16-601 and the provisions of such part 4 shall provide and afford concurrent remedies."

Clearly, § 15-16-601, MCA was not meant to be used in lieu of the § 15-1-402, MCA requirements of paying under protest, but when the recourse of § 15-1-402, MCA is not available, a taxpayer can obtain a refund under § 15-16-601, MCA.

Section 15-16-601, MCA provides that taxes paid erroneously may be refunded by the county treasurer, "by order of the board of county commissioners." The Yellowstone Board of County Commissioners denied respondent's request for a tax refund. However, respondent has followed the proper procedure for appealing that decision.

Respondent appealed to the County Tax Appeal Board. Section 15-15-101, MCA provided for such appeals as follows:

"(2) The county tax appeal board must meet on the third Monday of April in each year to hear protests concerning assessments made by the department of revenue . . . .

"(3) In connection with any such appeal, the county tax appeal board may change any assessment or fix the assessment at some other level. . ."

6

The Yellowstone County Tax Appeal Board properly reviewed the respondent's case and determined respondent was due a refund. Pursuant to § 15-15-104, MCA, the Department of Revenue appealed that decision to the State Tax Appeal Board.

The State Tax Appeal Board is able to hear appeals and make its own determinations under § 15-2-301, MCA, which states, in part:

"(2) At the time of giving such notice, the state board may require the county board to certify to it the minutes of the proceedings resulting in such action and all testimony taken in connection therewith. The state board may, in its discretion, determine the appeal on such record if all parties receive a copy of the transcript and are permitted to submit additional sworn statements, or the state board may hear further testimony . . . .

"(4) In connection with any appeal under this section, the state board shall not be bound by common law and statutory rules of evidence or rules of discovery and may affirm, reverse, or modify any decision. The decision of the state tax appeal board shall be final and binding upon all interested parties unless reversed or modified by judicial review."

The State Tax Appeal Board agreed with the county board and ordered a refund. Judicial review of that decision has followed. In reviewing we are bound by the findings of fact made by the administrative tribunals absent a clear abuse of discretion. The state board found an erroneous appraisal resulted in a mistaken levy. This finding was contrary to the finding of the county commissioners. The evidence was in dispute and the finding could go either way. As was pointed out by this Court in the recent case of Northwest Land & Devel. of Montana, Inc. (Mont. 1983), 661 P.2d 44, 40 St.Rep. 470, when we quoted the District Court.

"[i]t is within the Board's province as fact-finder to give certain evidence more weight than other evidence. The Board's choice of the lower amount was within its power and since there is evidence in the record to support such finding it must stand."

7

We find substantial credible evidence to support the findings of the State Tax Appeal Board.

It is the opinion of this Court that under § 15-16-601, MCA respondent should receive a tax refund for the erroneous assessment made on his land in 1978 through 1981. We remand to the Yellowstone Board of County Commissioners with instructions to order the Yellowstone County Treasurer to issue a refund to respondent.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices